IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 10-cv-01956-WYD-KMT

DANY L. CLEMENTSON,

    Plaintiff,

v.

COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation;
COUNTRYWIDE HOME LOANS, INC., a New York corporation;
ANGELO MOZILO, an individual;
DAVID SAMBOL, an individual;
BANK OF AMERICA CORPORATION, a Delaware corporation, as successor in interest
to COUNTRYWIDE FINANCIAL CORPORATION; and
others as DOES 1 – 25, inclusive,

    Defendants.

## ORDER

THIS MATTER is before the Court on Plaintiff's *pro se* Motion to Remand, filed September 15, 2010 [ECF No. 16]. Defendant Bank of America filed a Response on September 29, 2010.

By way of background, I note that Plaintiff initiated this action with the filing of a Civil Complaint in District Court in Jefferson County, Colorado, on July 19, 2010. In the Complaint, Plaintiff alleges claims for violation of the Colorado Organized Crime and Control Act ("COCCA"), violation of the Colorado Consumer Protection Act ("CCPA"), fraud, personal injury, breach of contract and unjust enrichment; all related to the purchase and refinance of his home. Plaintiff seeks actual damages, equitable and

-1-

injunctive relief, punitive damages, treble damages, attorneys fees, costs and interest.

On August 17, 2010, Defendant Bank of America Corporation filed a Notice of Removal of Civil Action asserting that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a). At the time of the filing of the Notice of Removal, Bank of America asserted that none of the Defendants had been properly served. In his Motion to Remand, Plaintiff contends that the case should be remanded to Jefferson County District Court because the amount in controversy has not been satisfied.

There is a presumption against removal jurisdiction, *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and courts are rigorously to enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states. *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998). Defendant, as the party seeking removal, has the burden of proving that federal jurisdiction is proper. *Plog v. Colorado Ass'n of Soil Conservation Districts*, 841 F.Supp. 350, 352 (D.Colo.1993). For a federal court to have original jurisdiction in a diversity case, the amount in controversy must exceed $75,000 and the matter must be between citizens of different states. 28 U.S.C. § 1332(a). The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873

(quotation omitted).  In other words, the amount in controversy must be affirmatively established on the face of either the complaint or notice of removal.  *Id*.  The removal statute is construed narrowly.  *Martin*, 251 F.3d at 1289.

Here, Defendant asserted in the Notice of Removal that the amount in controversy was satisfied because (a) Plaintiff alleged Defendant attempted to deprive Plaintiff of his property as a whole, valued at over $210,000, and (b) Plaintiff stated in his Civil Cover Sheet that he seeks a monetary judgment for more than $100,000.  In his Motion to Remand, Plaintiff contends that allegations in a Civil Cover Sheet are insufficient to establish the amount in controversy.  Plaintiff further notes that the allegation in his Complaint that Defendants had "attempted to deprive plaintiff of his property as a whole, valued at over $210,000," is not a statement that the relief he seeks in this case is related to the market value of his property.

Plaintiff is correct that a number of cases from this Court have held that reliance solely on the civil cover sheet filed in state court to establish the jurisdictional amount is insufficient.  *See Baker v. Sears Holding Corp.*, No. 07-cv-01106-MSK-MEH, 2007 WL 2908434, at * 3-4 (D. Colo. 2007);  *Ralph v. SNE Enterprises, Inc.*, No. 07-cv-01163-WDM-MJW, 2007 WL 1810534,25 at *1 (D. Colo. 2007); *Hardin v. Sentinel Ins. Co., Ltd.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007); *Bishelli v. State Farm Mut. Automobile Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2007 WL 1455852, at *3 (D. Colo. 2007); *see also Dean v. Illinois Nat. Ins. Co.,* Civil Action No. 07-cv-01030-MSK-MJW (Order Remanding Action) (October 5, 2007).

However, as Defendant notes, in this case Plaintiff has also alleged in his

Complaint that he suffered financial losses "in excess of $35,000, directly related to his home . . . ," various non-economic and psychological damages, and $10,000.00 in "closing costs."  *See* Civil Complaint at ¶¶ 89, 123, 125, 128, and 144.  In addition to actual damages, Plaintiff seeks treble damages and punitive damages.  *See* Civil Complaint at ¶¶ 139, 145, 151, 154, and 160.  I conclude that the amount in controversy has been affirmatively established on the face of the Complaint as required by 28 U.S.C. § 1332(a)(1).

Based upon the foregoing, I find that Defendant Bank of America has met its burden of showing that diversity jurisdiction exists, and that remand is not proper. Accordingly, it is

ORDERED that Plaintiff's *pro se* Motion to Remand, filed September 15, 2010 [ECF No. 16] is **DENIED**.

Dated:  October 6, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge