IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01956–WYD–KMT

DANY L. CLEMENTSON,

    Plaintiff,

v.

COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation,
COUNTRYWIDE HOME LOANS, INC., a New York corporation,
ANGELO MOZILO, an individual,
DAVID SAMBOL, an individual,
BANK OF AMERICA CORPORATION, a Delaware corporation, as successor in interest to COUNTRYWIDE FINANCIAL CORPORATION, and
DOES 1-25, inclusive,

    Defendants.

**ORDER**

This matter is before the court on "Plaintiff's Opposed Motion for Leave to File an Amended Complaint Pursuant to Fed.R.Civ.P. 15(a)(2)" (Doc. No. 42, filed December 22, 2010). Plaintiff wishes to amend his complaint to "cure deficiencies that have just recently come to plaintiff's attention." (*Id.*, ¶ 1.) Plaintiff seeks to add one cause of action, clarify facts, and submit documents as exhibits. (*Id.*, ¶¶ 2–4.)

The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). Although the federal rules permit and require liberal construction and amendment of pleadings,

the rules do not grant the parties unlimited rights of amendment.  A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

When seeking leave of the court to amend a complaint, the motion to amend must detail the proposed amendments and the reasons why such amendments are necessary.  In addition, the plaintiff must attach the proposed amended complaint to the motion.  The proposed amended complaint must stand alone; it must contain <u>all</u> of the plaintiff's claims.  Here, the plaintiff does not attach a proposed amended complaint to his motion.  As a result, it is impossible to determine if the proposed amendment is permissible.  Therefore, it is

ORDERED that Plaintiff's motion (Doc. No. 42) is DENIED without prejudice.

Dated this 3rd day of January, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge