IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-01956-WYD-KMT

DANY L. CLEMENTSON,

    Plaintiff,

v.

COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation;
COUNTRYWIDE HOME LOANS, INC., a New York corporation;
ANGELO MOZILO, an individual;
DAVID SAMBOL, an individual;
BANK OF AMERICA CORPORATION, a Delaware corporation, as successor in interest to COUNTRYWIDE FINANCIAL CORPORATION; and
others as DOES 1 – 25, inclusive,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING
UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION**

---

I.    INTRODUCTION AND BACKGROUND

This matter is before the Court on Defendant Bank of America's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), which was filed on September 7, 2010 [ECF No. 11].  The matter was referred to Magistrate Judge Tafoya for a recommendation by memorandum of that same date [ECF No. 12].  Magistrate Judge Tafoya issued a  Recommendation on January 27, 2011 [ECF No. 48], which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1.  Magistrate Judge Tafoya recommends therein that the motion

to dismiss be granted in part and denied in part.  See Recommendation at 21-22.

I adopt and incorporate the Statement of Case contained in the Recommendation.  See Recommendation at 2-6.  This case involves events surrounding Plaintiff's refinance of his home mortgage in the summer of 2003, through Countrywide Financial Corporation and/or Countrywide Home Loans, Inc.'s (collectively "Countrywide"), his subsequent default on his mortgage payments in October 2006, Countrywide's offer to restructure his mortgage through its "Work Out Program," and Countrywide's subsequent initiation of foreclosure proceedings while Plaintiff's application for mortgage modification was pending.  On March 15, 2007, Plaintiff filed for Chapter 7 Bankruptcy protection in an attempt to halt the foreclosure sale of his home.  Plaintiff was granted a discharge by the bankruptcy court on June 27, 2007, and on October 5, 2009, the bankruptcy trustee filed a final report indicating that Plaintiff's estate had been fully administered.  As Plaintiff acknowledges in his Complaint, Defendant Bank of America ("BAC") acquired Countrywide and its subsidiaries on or about July 8, 2008.  The bankruptcy court accepted the trustee's final report and officially closed Plaintiff's bankruptcy case on November 20, 2009.  On October 13, 2009, while his bankruptcy case was still pending, Plaintiff applied for another home loan modification, but was informed that he did not qualify for any modification program.  Subsequently, the foreclosure process began for a second time on Plaintiff's home.

Based on these events, Plaintiff brings seven claims for relief for (1) violations of the Colorado Consumer Protection Act ("CCPA"), C.R.S. §§ 6-1-101 et seq.; (2) fraud resulting in theft; (3) conspiracy to commit fraud resulting in theft; (4) tortious acts

-2-

resulting in personal injury; (5) breach of contract; (6) breach of the implied covenant of good faith and fair dealing, and (7) violations of the Colorado Organized Crime and Control Act ("COCCA"), C.R.S. §§ 18-17-101, *et seq.*

Defendant Bank of America moved to dismiss these claims asserting that Plaintiff lacks standing because his claims are the property of the bankruptcy estate; that the claims are barred by the applicable statutes of limitation; and that Plaintiff has failed to state a plausible claim for relief.

In her Recommendation, Magistrate Judge Tafoya first found that all of Plaintiff's claims either accrued prior to the filing of his Chapter 7 bankruptcy petition, or were sufficiently rooted in Plaintiff's pre-bankruptcy past to justify their inclusion in the bankruptcy estate; that because Plaintiff failed to disclose these potential causes of action in his bankruptcy petition, these claims remain property of the bankruptcy estate; and, therefore, the bankruptcy trustee is the real party in interest to the extent Plaintiff seeks monetary relief. Magistrate Judge Tafoya found, however, that to the extent Plaintiff seeks injunctive relief, he remains the real party in interest. *See* Recommendation at 9-14. Magistrate Judge Tafoya next found that all of Plaintiff's claims, except his seventh claim for relief, were barred by the applicable statute of limitations. *Id.* at 14-20. Finally, Magistrate Judge Tafoya found that Plaintiff failed to state a plausible claim for relief under the COCCA because he failed to allege two criminal predicate acts in furtherance of an "illegal and common enterprise." *Id.* at 20-21. Magistrate Judge Tafoya recommended that Defendant BAC's motion to dismiss be granted except to the extent that Plaintiff seeks injunctive relief. *Id.* at 21.

On February 22, 2011, Plaintiff filed a timely Objection, which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). "In order to conduct a *de novo* review a court 'should make an independent determination of the issues ...; [it] 'is not to give any special weight to the [prior] determination'....'. *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat. Bank,* 386 U.S. 361, 368 (1967)) (internal quotation marks omitted).

II.     ANALYSIS OF OBJECTIONS

As a preliminary matter, I first address Plaintiff's objection to Magistrate Judge Tafoya's denial of his request to file a surreply in opposition to Defendants' motion to dismiss. Unlike the Magistrate Judge's ruling on the merits of the motion to dismiss, I review this issue to determine whether it is "clearly erroneous or contrary to law" since the nature of the matter is nondispositive. Fed. R. Civ. P. 72(a). "An order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Cook v. Rockwell Int'l Corp.*, 147 F.R.D. 237, 242 (D. Colo. 1993). Here, I find no clear error. First, this Court's local rules do not provide for the filing of a surreply, and Magistrate Judge Tafoya denied Plaintiff's request after determining that a surreply would not be helpful to the Court's determination. I find that no new arguments were contained in Defendant's reply brief that would warrant the filing of a surreply. Therefore, this objection is denied.

I next address Plaintiff's objection to Magistrate Judge Tafoya's determination

that he lacks standing to pursue his claims because they accrued prior to the filing of his bankruptcy petition, and remain property of the bankruptcy estate.

Pursuant to 11 U.S.C. § 541(a), once a party files for bankruptcy, all his "legal and equitable interests," including any potential causes of action, become the property of the bankruptcy estate and the bankruptcy trustee becomes the real party in interest with respect to any claims. *See also Smith v. Rockett*, 522 F.3d 1080, 1084 (10th Cir. 2008). It is the duty of the debtor to disclose all legal claims and causes of action, pending or potential, that the debtor might have. *Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1159 (10th Cir. 2007).

Here, Plaintiff contends that Magistrate Judge Tafoya erroneously concluded that he failed to disclose his claims in his bankruptcy petition, because the events alleged in this case were discussed in the bankruptcy court during a hearing on Countrywide's motion for relief from the automatic stay. The documents filed in Plaintiff's bankruptcy case demonstrate that Plaintiff failed to schedule any of the claims asserted in this case in his bankruptcy petition. Plaintiff does not dispute this fact. Assets that are not properly scheduled remain property of the bankruptcy estate, and the debtor loses all rights to enforce any unscheduled legal claims in his own name. *See* 11 U.S.C. § 544(d). Only when a properly scheduled asset is not otherwise administered will it revert to the debtor through abandonment under § 554(c). Plaintiff cites no authority, nor am I aware of any, that would support his assertion that the mere discussion of the events underlying the instant case before the bankruptcy court in the context of a hearing on a motion for relief from stay constitutes proper disclosure of any potential

causes of action under § 541 of the bankruptcy code. Therefore, I overrule Plaintiff's objection to Magistrate Judge Tafoya's finding that he lacks standing to pursue his claims for monetary relief.

I also reject Plaintiff's contention that the equitable defense of judicial estoppel should not be applied to preclude his claims. I need not address this argument as Defendant has not requested application of judicial estoppel and Magistrate Judge Tafoya did not conduct an analysis of this equitable doctrine in the Recommendation. To the extent Plaintiff objects to Magistrate Judge Tafoya's finding that his failure to disclose the claims asserted in this case is not justified based on inadvertency or mistake, I overrule this objection. I agree with Magistrate Judge Tafoya that this position is at odds with Plaintiff's admission in his Complaint that he was "aware that something improper at best or illegal at worse" was taking place in November 2006. *See* Recommendation at 13; Complaint at ¶ 131.

I now turn to Plaintiff's objection to Magistrate Judge Tafoya's finding that any claims arising from his October 2009, attempt to apply for another home loan modification are sufficiently rooted in his pre-bankruptcy past to justify their inclusion in the bankruptcy estate. Here, Plaintiff appears to assert that because Defendant BAC did not acquire Countrywide until June, 2008, none of his causes of action against Defendant BAC accrued until after this date. The date of BAC's acquisition and merger with Countrywide is not relevant to whether events occurring in October 2009, are sufficiently rooted in Plaintiff's pre-bankruptcy past. I agree with Magistrate Judge Tafoya that Plaintiff's application for a loan modification in October 2009 under the

"Making Homes Affordable Program" is sufficiently rooted in his pre-bankruptcy activities and is unrelated to his ability to make "fresh start" following his discharge. *See Segal v. Rochelle*, 382 U.S. 375, 380 (1966).

Although I affirm Magistrate Judge Tafoya's dismissal of all of Plaintiff's claims for monetary relief based on Plaintiff's lack of standing, I will nevertheless briefly address Plaintiff's remaining objections.

Plaintiff objects to Magistrate Judge Tafoya's conclusion that all of Plaintiff's claims, except for his COCCA claim, are time-bared. Magistrate Judge Tafoya found that all of the primary allegations in Plaintiff's complaint occurred, at the very latest, in March 2007, when Plaintiff filed his bankruptcy petition. Plaintiff initiated the instant action in July 19, 2010, more than three years later. Therefore, based on the applicable statues of limitation, all of Plaintiff's claims (except for his COCCA claim) are time barred. Plaintiff does not directly challenge these findings, but contends that Magistrate Judge Tafoya should have considered whether equitable doctrines applied to toll the statutes of limitation. Plaintiff relies on *Beaird v. Seagate Technologies, Inc.*, 145 F.3d 1159 (10th Cir. 1998) to support this assertion. However, the *Beaird* case is an employment discrimination case in which the Tenth Circuit discussed the implication of the filing of a discrimination charge with the EEOC on the applicable statute of limitation, and it is inapplicable to the analysis in this case. Plaintiff also asserts that "application of statutes of limitation dating any further back than the date in which the BAC Defendants acquired its successor interest in other named Defendants" is erroneous. However, the applicable statutes of limitation began to run from the date Plaintiff's

claims accrued - not the date BAC acquired Countrywide and its successors. Therefore, I overrule Plaintiff's objections to Magistrate Judge Tafoya's recommendations with respect to whether his claims are time-barred.

Finally, Plaintiff objects to Magistrate Judge Tafoya's finding that Plaintiff failed to state a claim for relief under the COCCA because he failed to allege two criminal predicate acts in further of an "illegal and common enterprise." While Plaintiff's objection makes reference to other civil cases and investigations involving Defendant BAC, this is insufficient to state a claim for relief in this case. I agree with Magistrate Judge Tafoya that Plaintiff has failed to state a plausible COCCA claim against Defendant BAC, and I overrule Plaintiff's objection with respect to this claim.

III. CONCLUSION

Accordingly, for the reasons stated above, it is

ORDERED that the Recommendation of January 27, 2011 [ECF No. 48], is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), filed on September 7, 2010 [ECF No. 11] is **GRANTED IN PART AND DENIED IN PART**, as set forth in the Recommendation.

Dated: May 18, 2011

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Chief United States District Judge