IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   10-cv-01956-WYD-KMT

DANY L. CLEMENTSON,

       Plaintiff,

v.

COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation,
COUNTRYWIDE HOME LOANS, INC., a New York corporation,
ANGELO MOZILO, an individual,
DAVID SAMBOL, and individual,
BANK OF AMERICA CORPORATION, a Delaware corporation, as successor in interest to COUNTRYWIDE FINANCIAL CORPORATION, and
others as DOES 1 - 25, inclusive,

       Defendants.

## ORDER
_____

This matter comes before the Court on Plaintiff's Motion to Proceed with his Injunctive Claims, filed July 11, 2011 [ECF No. 71] in response to this Court's Order to Show Cause, dated June 28, 2011.

The Order to Show Cause was entered in response to an Order of the United States Court of Appeals for the Tenth Circuit that correctly stated that the District Court Order from which Plaintiff is appealing [ECF No. 61] is not a final order under 28 U.S.C. § 1291.  The request for injunctive relief contained in Plaintiff's complaint was specifically not dismissed by this Court's Order of May 18, 2011.  Plaintiff was given a choice of dismissing his request for injunctive relief or filing an indication that he wished to proceed with it and requesting relief on that basis.

Plaintiff has responded to the Court's order by filing his Motion to Proceed which

contains language that essentially mirrors that in the order, stating that he "wishes to go forward with his injunctive claims and requests relief on that basis."

The problem with Plaintiff's request is that as Defendant has stated, "Plaintiff has not pleaded a cause of action for injunctive relief and it does not appear that Plaintiff actually seeks any specific injunctive relief in his . . . complaint." That absence is fatal to his wish to proceed on his request for injunctive relief. " [A]n injunction is an equitable remedy for a violation of a right, and any injunction therefore must be predicated on a viable cause of action." *Halpern v. PeriTec Biosciences, Ltd.*, 383 Fed.App'x 943, 948, 2010 WL 2650883 (Fed.Cir. 2010).

Both Magistrate Judge Tafoya and this Court have attempted to give Plaintiff every opportunity to state a claim for injunctive relief. Unfortunately rather than taking action such as requesting leave to amend his complaint to add a claim for injunctive relief, Plaintiff has merely reiterated his desire to proceed with such a claim, if he had one. As has been stated previously in this case, the Court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." Drake v. City of Fort Collins, 927 F.2d, 1159 (10th Cir. 1991). Plaintiff has no viable cause of action upon which to predicate his request for injunction relief.

It is therefore ORDERED that Plaintiff's request for injunctive relief is Dismissed with prejudice.

Dated: July 18, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge